﻿Citation Nr: AXXXXXXXX
Decision Date: 02/26/21 Archive Date: 02/26/21

DOCKET NO. 200629-95021
DATE: February 26, 2021

ORDER

The reduction of the rating for posttraumatic stress disorder (PTSD) from 50 percent to noncompensable, effective February 1, 2019, was proper.

FINDINGS OF FACT

1. A September 2015 rating decision granted service connection and assigned a 50 percent rating for the Veteran’s PTSD from August 21, 2014, the date of receipt of his claim for service connection; the rating decision and a September 2015 notification of the rating decision informed the Veteran that since there was likelihood of improvement, the assigned evaluation was not considered permanent and was subject to a future review examination.

2. The Veteran failed to report for an October 2019 VA PTSD examination; he did not provide good cause for missing this examination.

3. An October 2019 rating decision proposed reducing the Veteran’s PTSD evaluation from 50 percent to noncompensable, and an October 2019 notice of the proposed reduction advised the Veteran he had 60 days to indicate his willingness to report for an examination or to submit new evidence showing the proposed action should not be taken. 

4. A February 2020 rating decision reduced the Veteran’s PTSD evaluation from 50 percent to noncompensable, effective February 1, 2020, after meeting all due process requirements in executing such a reduction.

CONCLUSIONS OF LAW

The reduction of the disability rating from 50 percent to noncompensable for PTSD, effective February 1, 2020, was proper. 38 U.S.C. § 1155, 5107(b); 38 C.F.R. §§ 3.105, 3.655.

REASONS AND BASES FOR FINDING AND CONCLUSION

The Veteran served on active duty from March 2009 to July 2009 and from June 2010 to July 2011. 

The rating decision on appeal was issued in February 2020 and constitutes an initial decision; therefore, the modernized review system, also known as the Appeals Modernization Act (AMA), applies. 

In the June 2020 VA Form 10182, Decision Review Request: Board Appeal (Notice of Disagreement), the Veteran elected the Direct Review docket. Therefore, the Board may only consider the evidence of record at the time of the agency of original jurisdiction (AOJ) decision on appeal. 38 C.F.R. § 20.301.

The Board recognizes that the Veteran’s June 2020 Notice of Disagreement does not identify the date of the decision on appeal. However, in this Notice of Disagreement, the Veteran referred to a mental evaluation and his need for benefits which were “terminated.” Reading the submission in the light most favorable to the Veteran and as there is no other rating decision relevant to termination of benefits during the appeal period, the Board concludes that the Veteran disagrees with the February 2020 rating decision, which reduced the evaluation of his PTSD, his only service connected disability, from 50 percent to noncompensable, effective February 1, 2020. 38 C.F.R. § 20.202(a).

Evidence was added to the claims file during a period of time when new evidence was not allowed. As the Board is deciding the matter of the propriety of the reduction of the rating for the Veteran’s service-connected PTSD, it may not consider this evidence in its decision. 38 C.F.R. § 20.300. The Veteran may file a Supplemental Claim and submit or identify this evidence. 38 C.F.R. § 3.2501. If the evidence is new and relevant, VA will issue another decision on the claim, considering the new evidence in addition to the evidence previously considered. Id. Specific instructions for filing a Supplemental Claim are included with this decision.

Propriety of Rating Reduction.

A September 2015 rating decision granted service connection and assigned a 50 percent rating for the Veteran’s PTSD from August 21, 2014, the date of receipt of his claim for service connection. That rating decision and a September 2015 notification of the rating decision informed the Veteran that since there was likelihood of improvement, the assigned evaluation was not considered permanent and was subject to a future review examination. The September 2015 notification letter also informed the Veteran that monthly payments of his award may be stopped if he fails to furnish evidence as requested or fails to cooperate or submit to a VA examination when requested. 

The Veteran failed to report for an October 2019 VA examination to review the evaluation of his PTSD. He did not provide good cause for missing this examination or request that it be rescheduled.

Because the Veteran failed to report for a VA examination without good cause, an October 2019 rating action proposed reducing his PTSD evaluation from 50 percent disabling to noncompensable. The October 2019 notice of this proposed reduction informed the Veteran that he had been scheduled for examination on October 14, 2019; however, because he did not report for the examination it was proposed that the evaluation of his service-connected condition be adjusted from 50 percent to zero percent disabling effective the first day of the third month following the date of the notice, or the date of the last payment, whichever is later. This letter also advised the Veteran he had 60 days to indicate his willingness to report for an examination or to submit new evidence showing the proposed action should not be taken. The Veteran did not respond. 

Accordingly, a February 2020 rating decision reduced the rating for the Veteran’s service-connected PTSD from 50 percent to noncompensable, effective February 1, 2020, after meeting all due process requirements in executing such a reduction.

When continued entitlement to a benefit cannot be established or confirmed without reexamination, and a claimant, without good cause, fails to report for such reexamination, VA shall initiate a reduction of benefits. To do so, VA must issue a pre-termination notice advising the payee that payment for the disability for which the reexamination was scheduled will be discontinued or, if a minimal evaluation is established, reduced to the lower evaluation. Such notice shall also include the prospective date of discontinuance or reduction, the reason therefor, and a statement of the claimant’s procedural and appellate rights. The claimant shall be allowed 60 days to indicate his or her willingness to report for a reexamination or to present evidence that payment for the disability for which the reexamination was scheduled should not be discontinued or reduced. 38 C.F.R. § 3.655(c)(1).

If there is no response within 60 days, or if the evidence submitted does not establish continued entitlement, payment for such disability shall be discontinued or reduced as of the date indicated in the pre-termination notice or the date of last payment, whichever is later. 38 C.F.R. § 3.655(c)(2).

Where a reduction in evaluation of a service-connected disability is considered warranted and the lower evaluation would result in a reduction or discontinuance of compensation payments currently being made, a rating proposing the reduction or discontinuance must be prepared setting forth all material facts and reasons. The beneficiary must be notified at his or her latest address of record of the contemplated action and furnished detailed reasons therefor. Additionally, the beneficiary must be given notice that he or she has 60 days to present additional evidence to show that compensation payments should be continued at the present level. Unless otherwise provided by regulation, if additional evidence is not received within that period, final rating action will be taken and the award will be reduced or discontinued effective the last day of the month in which a 60-day period from the date of notice to the beneficiary of the final rating action expires. 38 C.F.R. § 3.105(e).

Therefore, the procedural guidelines for reduction in this case are governed by both 38 C.F.R. § 3.655 as well as 38 C.F.R. § 3.105(e).

Here, the AOJ first proposed a rating reduction in October 2019 based on the Veteran’s failure to attend an examination for PTSD. The Veteran had been notified at the time of the original rating decision granting service connection and assigning a 50 percent evaluation that the disability rating was not permanent and was subject to review evaluation. When the Veteran failed to show for his examination and did not provide good cause for such failure, the AOJ issued a rating decision which notified the Veteran of a proposed reduction. The accompanying October 2019 notification letter informed the Veteran that he had 60 days to indicate his willingness to report for an examination or to submit new evidence showing the proposed action should not be taken, after which the AOJ would make a final determination.

The Veteran did not respond to the October 2019 notification of proposed reduction and a February 2020 rating decision reduced the disability rating for the Veteran’s service-connected bilateral PTSD from 50 percent to noncompensable, effective February 1, 2020, based on his failure to attend the VA examination. The effective date of the reduction was later than the first of the month, 60 days after notification of the proposed reduction. 

The Board finds the AOJ followed proper VA procedures in establishing and implementing the reduction of the 50 percent rating assigned for the Veteran’s PTSD. He was informed that his disability rating was subject to future examination. He failed to attend an examination to evaluate the severity of that disability and did not provide good cause for doing so. At that time, the AOJ notified the Veteran of a proposed reduction and provided him with 60 days to present evidence prior to any final action. The Veteran did not respond and the AOJ subsequently issued a rating decision notifying the Veteran of a final determination of reduction which took effect later than the first of the month, 60 days after notification of the proposed reduction. Thus, the Board finds that all notification and due process requirements provided under 38 C.F.R. §§ 3.105(e) and 3.655(c)(1) have been met. 

The Board notes that, as the rating reduction was based on the Veteran’s failure to report for a necessary examination, and not on examination findings of improvement, the provisions of 38 C.F.R. § 3.344 regarding stability of disability ratings do not apply in this instance.

Accordingly, the Board finds that the rating reduction from 50 percent to noncompensable for PTSD was proper. The evidence clearly demonstrates that the Veteran failed to report for an examination that was necessary to evaluate the disability and that VA followed proper procedures under 38 C.F.R. §§ 3.105(e) and 3.655.

 

 

M. C. GRAHAM

Veterans Law Judge

Board of Veterans’ Appeals

Attorney for the Board Kshama Hughes

The Board’s decision in this case is binding only with respect to the instant matter decided. This decision is not precedential and does not establish VA policies or interpretations of general applicability. 38 C.F.R. § 20.1303.